Curia, per
Colcock, J.
The question raised by complainants’ counsel in this case admits of no doubt. The act of 1798 requires executors and administrators to make annual returns to the ordinaries *341 of the respective districts. Now, had his executor complied, how would his accounts have been made out? At the end of 1818, which appears to be the year the money came into his hands, he would have stated the sum of (say) 83,000, as a debit against himself, with the interest thereon, making- a sum of 83,210, and then credited himself with the annual expenditure, which, it is said, was $121 57 cents, leaving- a balance of 83,088 43 cents in his hands, with which he would be debited for the next year 1819; at the conclusion of which the interest would again be calculated, and the expenditure deducted, and so on yearly.
Shall he then derive a profit from neglect of duty? This is a question which can receive but one reply. It is in vain that the complaint of hardship is urged, or that the court should be told, that the executor is honest, and meant well, lie has undertaken the performance of an important duty, and the, difficulties must, or ought to have been foreseen. If they prove too great, he may procure assistance, lie is allowed a commission, and, for extraordinary service's, additional compensation ; and at all limes may apply to the court for direction, as to the manner in which he shall discharge the trust. When his accounts are regularly made out and vouched before the ordinary, if the annual balances which remain in his hands are small, and he does not wish to be charged with interest, he may loan out the money; or if that cannot be effected, let him so state the matter to the court, and ho will he directed how to dispose of it. But it is mere mockery for tin executor to file an account which is *not vouched. What information can be obtained from such an account? The ordinary ought not to receive it. It is his duty to strike out such charges as are not properly vouched; then to strike the balance and calculate commissions on the receipts and expenditures thus established. It is asked, shall an executor lose the benefit of a payment, because he cannot produce the receipt given for the money paid? The affairs of an executor are to be governed by those general rules which apply to the common concerns of other men. If the highest evidence cannot be produced, the next must be produced. As to his returns to the ordinary, he is not limited to a day. If the account be filed yearly, he complies with the requisition of the law. If then any difficulty arises, he can always he allowed lime to produce such evidence as may appear to he wanting to establish a payment. If he is before the commissioner upon a final settlement, any satisfactory evidence of payment is sufficient.
Although the court concur in the general observations which are made by the chancellor, as to the propriety of breaking in on the capital, for tiic maintenance and education of the children, when it is indispensably necessary, yet the question does not arise in this case, and the court would avoid expressing any opinion, which might seem to imply a power in an executor to do so, to the utter destruction of an estate, without the sanction of the court. It is not possible, in this case, for the court to perceive what is due bv the executor to the minor children. The case must be sent back to the commissioner. His method of stating the account may be the more easy and convenient, but it is utterly incorrect in point of principle. The account must be made out with annual rests, according to the principles laid *342 down at the beginning of the opinion; and if in the course of any yew, during which the executor is charged with interest, *he should pay a claim, he of course may be allowed interest on his payment to the end of the year, when the balance is to be stricken.
Having disposed of the grounds of appeal on the part of the complainant, I proceed to examine those on the part of the defendants.
The commissioner refused .to allow them commissions, and the chancellor supported his decision; and this court concur with him in his views of the exception. The act of assembly is express on the subject, and imperative on the court. He failed to make returns; or those which he did make were utterly unintelligible, which is equally a default of duty. He is therefore not entitled to commissions. We would not be understood to say, that mere trifling errors are sufficient to deprive the executor of this claim. We have before intimated how they may be avoided or corrected. If an executor should make out his accounts properly for several years, and then fail to do so, so long as he discharged his duty, he would be entitled to commissions; but from the moment he fails to render his annual accounts, he forfeits his claim to them.
The second ground is to amend the decree, so as to order that the costs be paid out of the estate.
There is no foundation for this claim : the executor has been in default from the commencement of his administration. He has, by his improper management of the estate, rendered it necessary that these legal proceedings should be instituted against him, and the chancellor has very properly exercised his discretionary power by determining that he should pay the costs.